930 F.2d 23
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Hillard KINDER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-2702.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 8, 1991.
Decided April 9, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CA-88-1560-2)
 Hazel A. Straub, Charleston, W.Va., for appellant.
 Eileen Bradley, Chief Counsel, William B. Reeser, Supervisory Assistant Regional Counsel, Victor Jerry Pane, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa., Michael W. Carey, United States Attorney, Stephen M. Horn, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and RICHARD L. WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Hillard Kinder appeals from a decision of the district court adopting the findings of the magistrate judge and affirming the denial of disability benefits by the Secretary of Health and Human Services (the "Secretary"). For the reasons that follow, we affirm.
 
 I.
 
 2
 Appellant Kinder filed his first application for disability benefits in 1980, alleging that he became disabled on July 28, 1980. Mr. Kinder's initial application was denied. On April 17, 1985, after a de novo hearing by an Administrative Law Judge, the Appeals Council adopted the Secretary's denial of benefits. On July 7, 1985, the United States District Court for the Southern District of West Virginia affirmed this decision. No appeal was filed.
 
 
 3
 Kinder filed a new claim for disability benefits on June 4, 1986, alleging that he had been disabled since July 28, 1980. Kinder concedes that he became ineligible for benefits on December 31, 1985. After initial denial of Kinder's application, a hearing was held before an Administrative Law Judge on March 7, 1988. In a decision dated July 27, 1988, the Administrative Law Judge found that the April 17, 1985 decision of the Appeals Council was res judicata as to Kinder's claim that he was disabled prior to April 17, 1985. The Administrative Law Judge further found that Kinder was not under a disability from the period from April 17, 1985 to December 31, 1985, and therefore denied benefits.
 
 
 4
 Kinder appealed this decision to the United States District Court. On February 16, 1990, the magistrate judge entered a Report-Recommendation recommending that the decision of the Administrative Law Judge be upheld. After considering Kinder's objections, and reviewing the magistrate judge's findings de novo, the district court adopted the magistrate judge's recommendation. Kinder appealed, and we now affirm.
 
 II.
 
 5
 The parties agree that the standard of review is whether the decision of the Secretary is supported by substantial evidence. Applying this standard, we must affirm if there is substantial evidence that Kinder was not disabled between April 17, 1985 and December 31, 1985.
 
 III.
 
 6
 On April 17, 1985, the Appeals Council adopted the decision of the Administrative Law Judge, which became the final decision of the Secretary. This decision was not appealed after the district court upheld the Secretary's determination. This final decision is res judicata and cannot be relitigated. See 20 C.F.R. Sec. 404.957.
 
 
 7
 Both parties concede that Kinder's eligibility for benefits expired on December 31, 1985. Therefore the relevant period for inquiry is from April 17, 1985 to December 31, 1985. Unless Kinder became disabled during this time, denial of benefits was proper.
 
 
 8
 Kinder alleges that he is disabled based on his back pain, heart condition, and physiological disorders. Yet, Kinder's evidence that these conditions developed or worsened between April and December of 1985 is almost non-existent. The Administrative Law Judge reviewed all the medical evidence concerning this time period and properly found that nothing indicated that Kinder became disabled during this time. The Administrative Law Judge concluded that Kinder "retained the residual functional capacity to perform a full range of light work" during the relevant period.
 
 
 9
 The medical records of Dr. Jack Pushkin for the relevant months reveal only the following illness: injury to shoulder (steroidal injection produced "good relief"), injury to right foot (without a fracture), and difficulty with certain medications. There is no evidence that any of these illnesses were disabling. Dr. Pushkin's records must also be viewed with skepticism, since his April 15, 1987 claim that Kinder was disabled was rejected in the earlier disability proceeding.
 
 
 10
 Appellant urges that evidence presented by other physicians, especially that concerning Kinder's psychological disorders, demonstrated that Kinder is disabled. We reject this argument. None of the psychiatric evidence indicated that Kinder suffered from a disorder which developed between April 1985 and December 1985. The issue is whether there is substantial evidence that Kinder was not disabled during that period, not whether Kinder is presently disabled.
 
 IV.
 
 11
 There is substantial evidence in support of the Administrative Law Judge's finding that no evidence demonstrated a disability which arose between April 17, 1985 and December 31, 1985. Under the principles of res judicata, the district court properly found that Kinder was not disabled on April 17, 1985. Because substantial evidence shows that Kinder did not become disabled during the relevant period, the decision of the district court was proper and accordingly will be affirmed.
 
 
 12
 AFFIRMED.